FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN ROGER REED,

Defendant-Appellant.

No.   18-10307

D.C. No.
3:17-cr-08178-SMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted December 4, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

John Roger Reed appeals his jury convictions for assault with a dangerous

weapon, a violent crime against a child, in violation of 18 U.S.C. §§ 1153,

113(a)(1), and 3559(f)(3); assault resulting in serious bodily injury, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. §§ 1153 and 113(a)(6); and assault with a dangerous weapon, in violation of 18 U.S.C. § 1153 and 113(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in permitting the prosecution to peremptorily challenge the only Native American prospective juror left in the jury pool at the time of the strike. *See Batson v. Kentucky*, 476 U.S. 79, 98 (1986). A *Batson* challenge triggers a three-step inquiry:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 328–29 (2003)). Because the first issue under *Batson* is moot, *see Hernandez v. New York*, 500 U.S. 352, 359 (1991), we address only the second and third steps.

We review de novo whether the government's reasoning withstands scrutiny at step two, *United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002), and conclude that it was both facially race-neutral and "related to the particular case to

2

be tried," *Yee v. Duncan*, 463 F.3d 893, 898 (9th Cir. 2006) (quoting *Batson*, 476 U.S. at 98).

The prosecutor premised the strike on the juror's "hostility." A prospective juror's perceived hostility is facially unrelated to race. *See United States v. Power*, 881 F.2d 733, 740 (9th Cir. 1989) (finding race-neutral reason in prosecutor's speculation that prospective juror "might be hostile to the government"); *see also Williams v. Rhoades*, 354 F.3d 1101, 1109 (9th Cir. 2004) (affirming rejection of *Batson* challenge where prosecutor struck venire person for being "cold and evasive"), *cert. denied*, 543 U.S. 926 (2004). Additionally, a juror's hostility toward the prosecution, on which the burden of proof rests, and the trial court, which will provide instructions that are to guide a juror's determination of the case, plainly implicates an individual's fitness for jury service. *Cf. Kesser v. Cambra*, 465 F.3d 351, 364 (9th Cir. 2005) (en banc) (holding that stated reason for strike was unrelated to case where prosecutor failed to explain why prospective juror's "pretentious" attitude about her job "would render her unsuitable for the jury" in criminal case); *United States v. Bergodere*, 40 F.3d 512, 517 (1st Cir. 1994) (explaining that "core purpose" of voir dire is to "ferret[] out bias").

In this case, the prospective juror expressed hostility toward the prosecutor and the government's theory. As the district court observed in denying the *Batson*

challenge: "[The prospective juror] was openly hostile to the government and the point of view—even openly hostile to the Court." In sum, the record supports the district court's conclusion that the prosecutor had race-neutral reasons for exercising the peremptory challenge.

**AFFIRMED.**